UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LORAN MICHA ALEXANDRE, aka MICHAEL ALEXANDRE,

    Plaintiff,

v.

ARNOLD SCHWARZENEGGER, Governor of the State of California; JAMES TILTON, Secretary, California Department of Corrections; DENNIS KENNEALLY, Director of Parole; JOHN DOVEY, Director, Adult Institutions; RICK REMMER, Assistant Secretary, Correctional Safety; ARNOLD BURRUEL, Secretary, Civil Rights; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and DOES 1 thru 100,

    Defendants.

No. C 09-05778 PJH (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    This is a civil rights case brought pro se by a person who formerly was a prisoner in the California prison system. It was filed in the United States District Court for the Northern District of Texas. Defendants Schwarzenegger, Tilton, and California Department of Corrections and Rehabilitation moved to dismiss the complaint on various grounds, including improper venue. The Texas court granted the motion to the extent of transferring the case here.

**BACKGROUND**

    Plaintiff says that she is "a biological and anatomical female." She alleges that on August 31, 1992, she was sent to San Quentin State Prison, a men's prison. Authorities there verified that she was anatomically female but nevertheless placed her in general

population. She alleges that her life was in danger there, causing her to suffer great mental distress. She also alleges that she was given inadequate medical care.

Plaintiff appears not to have been in custody when she filed the complaint, but because she is proceeding in forma pauperis – the Texas court granted leave – the complaint will be reviewed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff also has moved for appointment of counsel.

**DISCUSSION**

**A.    Standard of Review**

Section 1915(e)(2) of Title 28 of the United States Code provides that an action filed in forma pauperis must be dismissed if (1) plaintiff's allegation of poverty is untrue; (2) the complaint is frivolous or malicious; (3) the plaintiff has failed to state a claim upon which relief may be granted; or (4) the plaintiff seeks monetary relief from a defendant who is immune from such relief. *Id.*

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129

2

S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Claims**

Among the defendants named is the California Department of Corrections and Rehabilitation, Parole and Community Services Division ("CDCR"). State agencies cannot be sued in federal court. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). The claims against this defendant will be dismissed with prejudice.

The other defendants are the current governor of California, the head of the CDCR, and four heads of divisions of the CDCR. The complaint contains no specific factual allegations as to what each of those individual defendants actually did that plaintiff contends violated her federal rights.[1] Because there is no respondeat superior liability for section 1983 claims, the absence of any such allegations means that plaintiff has not stated a claim against any of them. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under section 1983 solely because defendant is the superior of someone who violated plaintiff's rights (respondeat superior liability)). The remaining claims will be dismissed with leave to amend to allege facts that would state a plausible claim against these defendants, if plaintiff can do so in good faith.

**C.     Motion for Appointment of Counsel**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. §

---

[1] The latest date mentioned in the complaint is in 2001. Schwarzenegger did not become governor of California until 2003, so it seems unlikely that he had any role in the purported mistreatment of plaintiff. This may also be true of the other named defendants – that is, they may not have held their offices at the time of the events giving rise to the complaint.

3

3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented her claims adequately, and they are not particularly complex. The interests of justice do not require appointment of counsel. The motion for appointment of counsel will be denied.

## CONCLUSION

1. Plaintiff's motion for appointment of counsel (document number 20 on the docket) is **DENIED**.

2, The claims against the CDCR are **DISMISSED** with prejudice.

3. The remaining claims are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

4. It is the plaintiff's responsibility to prosecute this case. She must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 2, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\ALEXANDRE5778.DWLTA.wpd

4