United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

LORAN MICHA ALEXANDRE, aka
MICHAEL ALEXANDRE,

    Plaintiff,

    v.

ARNOLD SCHWARZENEGGER, Governor of the State of California; JAMES TILTON, Secretary, California Department of Corrections; DENNIS KENNEALLY, Director of Parole; JOHN DOVEY, Director, Adult Institutions; RICK REMMER, Assistant Secretary, Correctional Safety; ARNOLD BURRUEL, Secretary, Civil Rights; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and DOES 1 thru 100,

    Defendants.

No. C 09-05778 PJH (PR)

**ORDER OF DISMISSAL**

    This is a civil rights case brought pro se by a person who formerly was a prisoner in the California prison system. It was filed in the United States District Court for the Northern District of Texas. Defendants Schwarzenegger, Tilton, and California Department of Corrections and Rehabilitation moved to dismiss the complaint on various grounds, including improper venue. The Texas court granted the motion to the extent of transferring the case here.

    Plaintiff contended in the original complaint, and continues to claim in the amended complaint reviewed here, that when she was in the California prison system in 1992 through 2002 she was housed in the general population of male prisons despite being

"anatomically female."  She asserts that as a result she was attacked by other prisoners.

Plaintiff's motion to proceed in forma pauperis had been granted by the Texas court. This court conducted an initial review of the case pursuant to section 1915(e)(2) of Title 28 of the United States Code, which provides that an action filed in forma pauperis must be dismissed if (1) plaintiff's allegation of poverty is untrue; (2) the complaint is frivolous or malicious; (3) the plaintiff has failed to state a claim upon which relief may be granted; or (4) the plaintiff seeks monetary relief from a defendant who is immune from such relief. The court dismissed the claims against the California Department of Corrections and Rehabilitation, Parole and Community Services Division ("CDCR"), because state agencies cannot be sued in federal court.  *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).  As to the other defendants, the court wrote:

> The other defendants are the current governor of California, the head of the CDCR, and four heads of divisions of the CDCR.  The complaint contains no specific factual allegations as to what each of those individual defendants actually did that plaintiff contends violated her federal rights.[1] Because there is no respondeat superior liability for section 1983 claims, the absence of any such allegations means that plaintiff has not stated a claim against any of them.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under section 1983 solely because defendant is the superior of someone who violated plaintiff's rights (respondeat superior liability)).  The remaining claims will be dismissed with leave to amend to allege facts that would state a plausible claim against these defendants, if plaintiff can do so in good faith.

Plaintiff has filed an amended complaint, which now will be reviewed under 28 U.S.C. § 1915(e)(2) to determine if plaintiff has stated a claim.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

---

[1] The latest date mentioned in the complaint is in 2001.  Schwarzenegger did not become governor of California until 2003, so it seems unlikely that he had any role in the purported mistreatment of plaintiff.  This may also be true of the other named defendants – that is, they may not have held their offices at the time of the events giving rise to the complaint. [Footnote in original.]

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

In the order dismissing the original complaint with leave to amend, plaintiff was warned that the amended complaint would completely replace the original one. In the amended complaint she has deleted all the names of defendants, listing as defendants only "Governor of California, Director of the California Department of Correction, Parole and Community Services Division, and Does 1 thru 100." Thus Schwarzenegger, Tilton, Kenneally, Dovey, Remmer, and Burruel are no longer defendants in the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in amended complaint no longer defendants). This moots their motion to dismiss.

In the body of the complaint, plaintiff alleges no facts whatever about either the current governor and director of corrections or the people who were governor and director at the time her claims arose, 1994-2002. Her allegations are mostly of the pattern "defendants caused thus and so to happen," for instance that "defendants" – unnamed – endangered her by "putting her" in the general population at San Quentin State Prison."

3

United States District Court
For the Northern District of California

Such allegations are conclusory, and do not provide a plausible allegation that the governor or the director of corrections did those things.  Plaintiff was warned in the order dismissing the previous complaint with leave to amend that she was required to provide "specific factual allegations as to what each of those individual defendants actually did that plaintiff contends violated her federal rights," and that respondeat superior does not apply to section 1983 claims such as these.  Despite these warnings, in the amended complaint she has not stated a federal claim against anyone.

## CONCLUSION

The federal claims are **DISMISSED** with prejudice.  Because the court has dismissed all claims over which it has original jurisdiction, any state law claims plaintiff may have intended to make are **DISMISSED** without prejudice to bringing them in state court.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiff's motion for summary judgment (docket number 43 on the docket), her motion for a hearing on the motion (document 44), and the former defendants' motion to dismiss (document 34) are **DENIED** as moot.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 12, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\ALEXANDRE5778.DSM.wpd

4